# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-30640
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN TERRELL MOSELY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-262-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

John Terrell Mosely, federal prisoner # 31171-034, is serving a 104-month term of imprisonment for distribution of cocaine base (crack). He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction pursuant to the Fair Sentencing Act (FSA) and Amendment 750 to U.S.S.G. § 2D1.1. The district court denied the motion on the ground that at sentencing, it had applied the 18:1 crack-to-powder ratio in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

determining Mosely's sentencing guidelines range. *See Dorsey v. United States*, 132 S. Ct. 2321, 2329 (2012) ("[The FSA] had the effect of lowering the [previous] 100-to-1 crack-to-powder ratio to 18-to-1."). Mosely contends that (1) his 104-month term of imprisonment was based on a guidelines range that was amended by Amendment 750; (2) because the Sentencing Guidelines are advisory, the district court had the discretion to resentence him based on a 1:1 crack-to-powder ratio; and (3) the district court had the discretion to impose a "comparable reduction" in light of U.S.S.G. § 1B1.10(b)(2)(B), p.s., and the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685 (2011).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Mosely's base offense level at the time of sentencing was 28, and it was unchanged at the time he filed his § 3582(c)(2) motion. *See* U.S.S.G. § 2D1.1(c)(6). Thus, the district court had no authority to reduce Mosely's sentence under § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *see Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Because Mosely's sentencing range was not lowered, Mosely's reliance on § 1B1.10(b)(2)(B) is unavailing. Further, *Freeman* is inapposite as it concerned whether a defendant who was sentenced pursuant to a binding plea agreement was barred from seeking a sentence reduction under § 3582(c)(2). *See Freeman*, 131 S. Ct. at 2692-95.

No. 12-30640

To the extent that Mosely argues that the district court had the discretion to resentence him based on a 1:1 crack-to-powder ratio, his argument is unpersuasive; a § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *See Dillon*, 560 U.S. at 825-31; *Doublin*, 572 F.3d at 238. The principles of *United States v. Booker*, 543 U.S. 220 (2005), and its progeny do not apply to § 3582(c)(2) proceedings, and a sentencing court lacks discretion to reduce a sentence further than the reduction allowed pursuant to § 1B1.10. *Dillon*, 560 U.S. at 825-31; *Doublin*, 572 F.3d at 237-39.

AFFIRMED.